Filed 8/1/13  In re Blake D. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re BLAKE D., a Person Coming Under the Juvenile Court Law. | B242148 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>         Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH R.,<br><br>         Defendant and Appellant. | (Los Angeles County Super. Ct. No. CK87816) |

APPEAL from an order of the Superior Court of Los Angeles County, Veronica McBeth, Judge.  Affirmed.

Michael A. Salazar, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Tracey F. Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

INTRODUCTION

Kenneth R. appeals from the order of the juvenile court taking jurisdiction over his son, three-year-old Blake. He contends the record lacks sufficient evidence to support the finding that his conduct justifies declaring Blake a dependent under Welfare and Institutions Code section 300, subdivision (a).[1] We conclude the evidence supports the finding under section 300, subdivision (a). Accordingly, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2011, Kenneth returned Blake to mother's house[2] with bruises and marks about the child's head, face, and ears. Photographs of Blake taken before the child's visit with Kenneth showed no marks or bruises. Receiving no explanation from Kenneth about Blake's condition, mother took the child to the emergency room and contacted the police. The police observed red marks, bruising, and swelling around Blake's right eye, the right side of his head and his right ear, along with bruising on the top part of his ear lobe and a speck of dried blood just outside of his ear canal. The maternal grandmother informed the Department of Children and Family Services (the Department) that she answered the door when Kenneth returned Blake. Kenneth handed the child to her and " 'immediately bolted to his car and took off.' "

The social worker saw that Blake had visible scratches on the right side of his face, a slight purplish bruise on the right side of his forehead, a red mark under his right eye, and bruising around his left ear. Otherwise, the child was dressed appropriately, was smiling and happy, and appeared to be well nourished.

A nurse practitioner reported the forensic examination revealed that Blake's injuries were caused by blunt force trauma consistent with being slapped about the face and head. The pattern finger marks were visible but the skeletal survey showed no fractures or other medical concerns.

---

[1] All further statutory references are to the Welfare and Institutions Code.

[2] Mother is not a party to this appeal.

Kenneth denied that Blake had any marks when he dropped the child off with grandmother and blamed both mother and grandmother for the marks.

The Department filed a petition alleging, as to Kenneth, that Blake sustained injuries while in Kenneth's care. (§ 300, subds. (a) & (b).) The juvenile court ordered Blake be detained. The court found Kenneth to be Blake's biological father.

At the adjudication hearing, Kenneth testified that pursuant to a family-law court order, Blake probably visited Kenneth over 100 times and the child never suffered an injury in Kenneth's care. He testified he never struck Blake or allowed anyone else to strike the child. Mother never told Kenneth she thought he physically abused Blake. He denied there were any marks on Blake when he returned the child on April 28 and blamed the maternal grandmother. He claimed to have first learned of Blake's injuries from the police.

At the close of the hearing, the trial court indicated it did not think Kenneth's testimony was consistent and did not believe Kenneth's assertion that the maternal grandmother was responsible for the injury. The court then modified and sustained the petition under subdivisions (a) and (b) of section 300 based on Kenneth's conduct. As modified, the petition stated under section 300, subdivision (a): "On 4/28/11, one year old Blake [D.] was medically examined and found to have sustained injuries including bruising, and swelling, to the left side of the child's face, the child's inner and outer left ear and the right side of the child's face while the child was in the care and supervision of the child's father, Kenneth R[.] The child sustained bruising to the child's face consistent with a handprint. *The child's injuries are consistent with the child being slapped in the face. Such injures would not ordinarily occur except as the result of unreasonable and neglectful acts by the child's father who had care, custody and control of the child.* Such unreasonable and neglectful acts on the part of the child's father endangers the child's physical health, safety and well-being, creates a detrimental home environment and places the child at risk of physical harm, damage and danger." (Italics added.) While modifying the petition, the court stated: "I am striking deliberate and it's [*sic*] exactly as

it reads. I think by a preponderance of the evidence the child was injured while he was in the care of his father. [¶] I am not finding that the father did it."

After the court entered disposition orders, Kenneth filed the instant appeal. (§ 395.)

CONTENTIONS

Kenneth contends there is insufficient evidence to support the findings as to him under section 300, subdivision (a), and reversal of the order sustaining the section 300, subdivision (a) allegations will provide him relief.

DISCUSSION

The juvenile court declared Blake a dependent of the court based on findings that Kenneth's conduct brought the child within the meaning of both subdivisions (a) and (b) of section 300. "When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence." (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.) As Kenneth does not challenge the sufficiency of the evidence to support the finding that Blake is described by section 300, subdivision (b), we affirm the jurisdictional order on that ground. However, we have discretion to reach the merits of a challenge to any jurisdictional finding (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762), and so we will address the subdivision (a) finding.

Subdivision (a) of section 300 authorizes juvenile court jurisdiction over any child who "has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child *by the child's parent* or guardian." (§ 300, subd. (a), italics added.) Kenneth cites the juvenile court's statement, "*I am not finding that the father did it*" to argue without the finding Kenneth "did it," the record lacks

4

sufficient evidence to support the finding that Blake is defined by section 300, subdivision (a). (Italics added.)

On the contrary, the court found prima facie evidence to support the finding under subdivision (a) of section 300. The reason is that section 355.1, subdivision (a) provides, "Where the court finds, based upon competent professional evidence, that an injury, injuries, or detrimental condition sustained by a minor is of a nature as would *ordinarily not be sustained except as the result of the unreasonable or neglectful acts* or omissions *of* either *parent,* the guardian, or other person *who has the care or custody of the minor*, that finding shall be prima facie evidence that the minor is a person described by subdivision (a), (b), or (d) of Section 300." (Italics added.) In sustaining the section 300, subdivision (a) allegations, the juvenile court amended the petition to parrot the italicized language of section 355.1 above.

The record contains competent professional evidence supporting the court's finding under section 300, subdivision (a). (§ 355.1, subd. (a).) According to the nurse practitioner, the forensic examination determined that Blake's injuries were caused by "blunt force trauma consistent with being slapped about the face and head" and that "finger marks were visible." This evidence gives rise to a presumption there is prima facie evidence that Blake is described by section 300, subdivision (a), which affects the burden of producing evidence. (§ 355.1, subd. (c).)[3] To carry his burden, Kenneth testified that he did not slap Blake, and surmised that mother or the maternal grandmother was responsible for the injuries. Yet, the juvenile court rejected that hypothesis. Thus, the record contains sufficient evidence to support the juvenile court's finding that Blake is described by section 300, subdivision (a) based on Kenneth's conduct. (§ 355.1, subd. (a).)

---

[3]    Section 355.1, subdivision (c) reads "[t]he presumption created by subdivision (a) constitutes a presumption affecting the burden of producing evidence."

Given our conclusion, we need not address Kenneth's additional contention that reversal of the order sustaining the section 300, subdivision (a) allegations will provide Kenneth with relief.

DISPOSITION

The order appealed from is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

CROSKEY, Acting P. J.

KITCHING, J.